FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

11 APR 21 PM 5: 14

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

UNITED STATES DISTRICT COURT
~~NORTHERN~~ *Southern* DISTRICT OF INDIANA

Olakwsesu Elbey
Plaintiff

CIVIL ACTION:

v.

Dayton Police Officers

Richard Scott Davis

Michael Siekierka

Steven G. Abney

Andrew Booher

Robert S. Phillips

Jorge Delrio

**Montgomery County Officers**

Tyrone Bonner

Don Campbell

City of Dayton

Montgomery County Ohio

State of Ohio

Defendants et al

**1:11-cv-0537 SEB-MJD**

## INTRODUCTION

Olakwesu Y. Elbey Sovereign citizen of Ohio hereby asserts the following claims against the defendants in the above-entitled action:

**(1)** violation of 42 U.S.C. 1983: arrest,

**(2)** violation of 42 U.S.C. 1983: detention and confinement,

**(3)** violation of 42 U.S.C. 1983: strip search,

**(4)** violation of 42 U.S.C. 1983: conspiracy,

**(5)** violation of 42 U.S.C. 1983: refusing or neglecting to prevent,

**(6)** malicious prosecution,

**(7)** malicious abuse of process,

**(8)** violation of Ohio. Civil Rights Act (of 1959).

**(9)** false arrest and imprisonment,

**(10)** assault,

**(11)** battery,

**(12)** conspiracy,

**(13)** intentional infliction of emotional distress,

**(14)** reserved for negligence (until 6 months after presentment), and

**(15)** reserved for negligent infliction of emotional distress (until 6 months after presentment).

## JURISDICTION

1. Jurisdiction of this court arises under 28 U.S.C. secs 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. secs. 1983, 1985, 1986, and 1988; and 18 U.S.C. 1961-1968.

2. Jurisdiction of this court for the pendent claims is authorized by F.R.Civ.P. 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

## PARTIES

3. Plaintiff Olakwesu Y. Elbey is a natural person residing at 4687 Marlin Ave Trotwood Ohio County, United States of America; was a resident of Dayton during all relevant times of this action, and is the complainant.

4. Richard Scott Davis who is a natural person, a City of Dayton resident at the time practicing at the Fifth District Police Station at 115 Salem Ave Dayton Ohio 45407 in the United States of America, at all times relevant to this Complaint.

5. Michael Siekierka who is a natural person, a City of Dayton resident at the time practicing at the Fifth District Police Station at 115 Salem Ave Dayton Ohio 45407 in the United States of America, at all times relevant to this Complaint.

6. Steven G. Abney who is a natural person, a City of Dayton resident at the time practicing at the Fifth District Police Station at 115 Salem Ave Dayton Ohio 45407 in the United States of America, at all times relevant to this Complaint.

7. Andrew Booher who is a natural person, a City of Dayton resident at the time practicing at the Fifth District Police Station at 115 Salem Ave Dayton Ohio 45407 in the United States of America, at all times relevant to this Complaint.

8. Robert S. Phillips who is a natural person, a City of Dayton resident at the time practicing at the Fifth District Police Station at 115 Salem Ave Dayton Ohio 45407 in the United States of America, at all times relevant to this Complaint.

9. Jorge Delrio who is a natural person, a City of Dayton resident at the time practicing at the Fifth District Police Station at 115 Salem Ave Dayton Ohio 45407 in the United States of America, at all times relevant to this Complaint.

10. Tyrone Bonner who is a natural person, a Montgomery County resident at the time practicing at the Montgomery County Courts Building at 301 West Third Street Dayton Ohio 45422 in the United States of America, at all times relevant to this Complaint.

11. Don Campbell who is a natural person, a Montgomery County resident at the time practicing at the Montgomery County Courts Building at 301 West Third Street Dayton Ohio 45422 in the United States of America, at all times relevant to this Complaint.

## COUNT 1: VIOLATIONS OF 42 U.S.C. 1983: ARREST

**FACTS**

12. On March 14, 1990 that day, several Dayton and County Police attacked and apprehended the Plaintiff and used their teeth to severely injure him. See **exhibit (1)**. At the time the Plaintiff sued the first 5 Dayton Officers named in the complaint but now he has discovered that there was a total of 8 Officers involved making Montgomery County a party to the suit.

13. The illegal restraining procedures used against the Plaintiff were captured on video tape that led to the discovery of the additional 3 Defendants not named in the previous suits. see **exhibit (2)** The original Officers were convicted of aggravated assault 2903.12.(1)(A)(F)spec. see **exhibit (3)** Now the Plaintiff seeks all defendants restrained from continuing deprivations from using their authority for malicious intent.

14. During the years of 1990 -2011 the defendants after said assault by first 8 Defendants since have harassed taken and destroyed private property deprived and denied the Plaintiff and his family of all due process of law. Since the acquittal in **90CRB1728** of the Plaintiff and the conviction in **90CR2238** and the affirming of 2903.12.(1)(A)(F)spec. see **exhibit 3.** the Dayton Police have jointly and continually harassed threatened and assaulted the Plaintiff on several different occasions some occurring while in jail and on the City streets and several attacks have occurred by those acting in concert upon the public streets and highways by said City and County Officials within their jurisdiction. now the Plaintiff seeks his damages totaling 20 million in punitive and actual and all interest incurred that was previously granted by the City of Dayton but it was kept by Judicial order of Chief judge Walter H. Rice March 10, 1994.see **exhibit (4).** the Plaintiff never realized that he had won his case where Anthony Willoughby committed acts of fraud theft embezzlement and conspired to keep a portion of the awards without telling his client through an secrete agreement made with the City and trial judge.

15. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 15 above with the same force and effect as if herein set forth in 90cv159.

16. At all times relevant herein, the conduct of all Defendants were subject to 42 U.S.C. secs. 1983, 1985, 1986, and 1988.

17. Acting under the color of law, Defendants worked a denial of the Plaintiff's rights, privileges or immunities secured by the United States Constitution or by Federal law, 2 to wit, Soto v. Flores, 103 F.3d 1056, 1061 (1st Cir. 1997); McNamara v. Honeyman, 406 Mass. 43, 52 (1989).

18. By depriving Mr. Elbey a Moor of his liberty without due process of law, by taking him into custody and holding him there against his will March 14, 1990. County of Sacramento v. Lewis. 523 U.S. 833 (1998); Youngberg v. Romeo, 457 U.S. 307, 315 (1982); Williams v. Hartman, 413 Mass. 398, 403 (1992).

19. by making an unreasonable search and seizure of his property without due process of law,

20. by conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny him equal protection of laws,

21. By refusing or neglecting to prevent such deprivations and denials to plaintiff, thereby depriving plaintiff of his rights, privileges, and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States. See Miga v. Holyoke, 398 Mass. 343, 349, 350 (1986) (deprivation of pretrial detainee's substantive due process rights where state seeks to impose punishment without a constitutional adjudication of guilt). Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979).

22. Mr. Elbey incorporates the attached Exhibits 1-5 into this Complaint by reference as if set forth herein.

## COUNT 2: VIOLATIONS OF 42 U.S.C. 1983: DETENTION AND CONFINEMENT

23. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 23 above with the same force and effect as if herein set forth.

24. As a result of their **concerted unlawful and malicious detention and confinement** of Plaintiff, Defendant Officers deprived Plaintiff of both his right to his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment for the false detention and confinement against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $500,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 3: VIOLATIONS OF 42 U.S.C. 1983: STRIP SEARCH

25. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 69 above with the same force and effect as if herein set forth.

26. As a result of their concerted unlawful and malicious arrest, detention, and confinement of Plaintiff, Defendants Officer County jail strip search of his body, including his rectal cavity, in a situation where there was no reason to believe that weapons or contraband had been concealed on or in his body, and thus deprived Smith of both his right to liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fourth, Fifth, Ninth, and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment for the bodily strip search against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $500,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 4: <u>VIOLATIONS OF 42 U.S.C. 1983: CONSPIRACY</u>

27. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 27 above with the same force and effect as if herein set forth.

28. As a result of their concerted unlawful and malicious conspiracy of Defendants Plaintiff was deprived of both his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983 and 1985.

WHEREFORE, Plaintiff demands judgment for the conspiracy against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $500,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 5: <u>VIOLATIONS OF 42 U.S.C. 1983: REFUSING OR NEGLECTING TO PREVENT</u>

29. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 29 above with the same force and effect as if herein set forth.

30. At all times relevant to this Complaint, Defendant Officers and Police Department were acting under the direction and control of Defendant City of Dayton, and Defendant Montgomery County Ohio.

31. Acting under color of law and pursuant to official policy or custom, knowingly, recklessly, or with gross negligence failed where Defendant Officers and Police Department were acting under the direction and control of Defendant City of Dayton, and Defendant Montgomery County Ohio to instruct, supervise, control, and discipline on a continuing basis Defendant police officers in their duties to refrain from:

**(a)** unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities,

**(b)** unlawfully and maliciously arresting, imprisoning and prosecuting a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities,

**(c)** conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the laws of the State of Ohio.

**(d)** otherwise depriving Plaintiff of his constitutional and statutory rights, privileges, and immunities.

32. Defendants had knowledge or, had they diligently exercised that duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendant City of and Defendant Officers and Police Department were acting under the direction and control of Defendant City of Dayton, and Defendant Montgomery County Ohio who had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

33. Defendants and the City of Dayton directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant police officers heretofore described.

34. As a direct and proximate cause of the negligent and intentional acts of Defendants and the City of Dayton as set forth in paragraphs above, Plaintiff suffered physical injury, loss of income, and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $500,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 6: **MALICIOUS PROSECUTION**

35 Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 79 above with the same force and effect as if herein set forth.

36. Defendants instituted criminal process against the plaintiff with malice:

**(a)** all Officers played an active part in the initiation of the criminal proceedings;

**(b)** Davis Siekierka played an indirect role by advising how to keep Plaintiff out of his civil rights after the original medical exhibits where lost

**(c)** Officer Siekierka played an active part in the initiation of the criminal proceedings as Defendant Officer Bill's partner by arresting and causing the false imprisonment of Plaintiff Smith; and

**(d)** All Officers signed the criminal complaint against Plaintiff.

37. The charges were not based upon probable cause that is the state of the facts in the mind of the prosecutor would not lead a man of ordinary caution and prudence to believe, or entertain an honest or strong suspicion that Plaintiff was guilty. Carroll v. Gillespie, 14 Mass.App.Ct. 12, 19 (1982), cites omitted. Morreale v. DeZotell, 10 Mass.App.Ct. 281, 282 (1980); Nolan & Sartorio, 37 M.P.S., Torts, sec. 79, pg. 96 (2d ed. 1989 & 1993 Supp.).

Carroll v. Gillespie, 14 Mass.App.Ct. 12, 18 (1982).

[I]nformation known to be sufficiently unreliable or incomplete to support a finding that it was unreasonable to rely upon it without additional information. See Griffin v.Dearborn, 210 Mass. 308, 313 (1911) (where defendant knew that his horse was taken by G's minor son, and did not know whether the son did so, as the son claimed, on order from G, (t)he defendant's immediate prosecution of the son without any precedent investigation" could be found to lack reasonable grounds); Smith v. Eliot Sav. Bank, 355 Mass. at 548, (where defendant bank failed to pursue information as to whereabouts of S, in whose name unauthorized withdrawals were made, and teller identified the plaintiff as forger seven months after brief withdrawal transaction, jury could have found that identification was "so suspect that a 'man of ordinary caution and prudence' would not have relied upon it," quoting from Bacon v. Towne, 4 Cush. at 239.)

Carroll v. Gillespie, 14 Mass.App.Ct. at 20-21.

**(b)** Defendant Officers breached their duty;

**(c)** Defendant Officers and Chief had information that an arrest had been improperly made on Plaintiff; they had a duty to ascertain and failed that duty;

**(d)** It is established in a related context that an individual's freedom of movement cannot be subject to the "'honest ... suspicion' of a shopkeeper ... (acting) on his own 'inarticulate hunches.'" Coblyn v. Kennedy's, Inc., 359 Mass. at 325 (false arrest).

Carroll v. Gillespie, 14 Mass. App.Ct. at 24-25. Officer Siekierka instigated or participated in the prosecution by pressing police to arrest and apply for a complaint for an improper purpose. Conway v. Smerling, 37 Mass. App.Ct. 1, 3 (1994).

("Although distinct from the tort of abuse of process, see Bednarz v. Bednarz, 27 Mass. App.Ct. [668], 669, 673, there is in malicious prosecution the common ingredient of an improper purpose, i.e., using court proceedings primarily to gain a private advantage, because of hostility and ill will, and without belief by the accuser in the guilt of the accused.

Restatement (Second) of Torts sec. 668 comments c-g"). Officer Siekierka instigated or participated in the prosecution by pressing police to arrest and apply for a complaint for an improper purpose.

The criminal proceeding terminated in favor of the plaintiff when the visiting Judge district attorney recommended the dismissal of all four charges against Smith and the court accepted the recommendation and dismissed the charges against Correllas v. Viveiros, 410 Mass. 314, 318 (1991). "A dismissal of a criminal complaint by the court . . . entered by a district attorney satisfies the requirement that the criminal prosecution has been terminated in favor of the plaintiff." Sarvis v. Safe Deposit and Trust Co., 1994 WL 879797 (Mass.Super. 1994), citing Wynne v. Rosen, 391 Mass. 797, 800 (1984).

38. Defendants City of are liable under the doctrine of respondeat superior.

◇WHEREFORE, Plaintiff Smith demands judgment against all Defendants for injunctive relief and actual, special, compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT 7: <u>MALICIOUS ABUSE OF PROCESS</u>

39. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 39 above with the same force and effect as if herein set forth.

40. Defendants maliciously used a "legal process 'to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed.'"

Carroll v. Gillespie. 14 Mass.App.Ct. 12, 26 (1982), quoting Jones v. Brockton Pub. Mkts., Inc., 369 Mass. 387, 389 (1975), quoting from Quaranto v. Silverman, 345 Mass. [423,] 426 (1963).

41. On 25 December 2000, Smith wrote Jane Doe reminding her that the original 209A temporary restraining order had expired and requested the key to the condominium and the parking pass.

42. Several attorneys advised Plaintiffs attorney on how to keep his client away from his damages after the original medical records had been seized.

43. Pliantiffs trial counsel knew that the Officers initiated a groundless search and seizure and made misrepresentations to the Court to gain advantage in his scheme.

A person may be liable for false imprisonment not only when the person's own acts directly impose a restraint upon the liberty of another but also when that person, by providing false information, causes such restraint to be imposed. Karjavainen v. Buswell, 289 Mass. 419, 427 (1935) (questioned on other grounds by Mezullo v. Maletz, 331 Mass. 233, 239-240 [1954]). Restatement (Second) of Torts s 37 (1965) ("If an act is done with the intent to confine another, and such act is the legal cause of confinement to another, it is immaterial whether the act directly or indirectly causes the confinement.)

Sarvis v. Safe Deposit and Trust Co., 47 Mass.App.Ct. 86, 97-98 (1999).

44. City of Dayton and Montgomery County knew or should have known that the complaint was groundless and he sought to use the process for an ulterior purpose, including, but not limited to, the purpose of aiding his step-sister to gain advantage in her divorce.

45. Defendants Officers knew or should have known that the complaint initiated was groundless.

46. Defendants and Officers used the legal process with the ulterior purpose, to wit, for personal financial benefit.

47. Defendants City of Dayton and Montgomery County, are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment against all Defendants for injunctive relief and actual, special, compensatory damages, in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT 8: VIOLATION OF MASS. CIVIL RIGHTS ACT, M.G.L. c. 12, sec. 11*I*

48. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 93 above with the same force and effect as if herein set forth.

49. At all times relevant herein, the conduct of all Defendants were subject to the Ohio Civil Rights Act.

50. Defendants interfered with or attempted to interfere by threats, intimidation, or coercion with Plaintiff's counsel exercise and enjoyment of his rights -- e.g., his rights to his liberty, his right to occupy his real property, to wit, his claims, and his right to due process -- secured by the state and federal constitutions or laws of the United States of Ohio.

51. "Under the MCRA, a `[t]hreat'. . . involves the intentional exertion of pressure to make another fearful or apprehensive of injury or harm. `Intimidation' involves putting in fear for the purpose of compelling or deterring conduct. . . . [c]oerion [is] `the application to another of such force, either physical or moral, as to constrain him to do against his will something he would not otherwise have done.'" Sarvis v. Safe Deposit & Trust Co. 47 Mass.App.Ct. 86 (1999) quoting Planned Parenthood League of Mass., Inc. v. Blake, 417 Mass. 467, cert. denied 513 U.S. 868 (1994).

52. There must also be evidence of "actual or potential physical confrontations involving a threat of harm," id. at 473 n. 8, though the confrontation may involve third persons and the threat of harm need not be directed at the plaintiff.

See Redgrave v. Symphony Orchestra, 399 Mass. at 100-101 (potential physical harm to audience and orchestra members by third persons protesting plaintiff's political views is a confrontation within the MCRA).

A plaintiff is not required to prove a specific intent to threaten, intimidate, or coerce for the purpose of interfering with a secured right. Id. at 99-100.

Rogan v. Menino, 973 F.Supp. 72, 77 (D.Mass. 1997).

53. Thus, under color of state, Plaintiff's liberty was threatened, and he was intimidated and coerced into not enforcing his right to living in his home.

54. Defendants City of Dayton and Montgomery County, are liable under the doctrine of respondeat superior.

55. As a direct and proximate result of the conduct of the Defendants, Plaintiff was intimidated and put in continuing anxiety and has suffered damages including but not limited to the aforesaid damages.

WHEREFORE, Plaintiff demands judgment against Defendants for injunctive relief and actual, special, compensatory and punitive damages, and attorney's fees and costs of the litigation in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT 9: <u>FALSE ARREST AND IMPRISONMENT</u>

56. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 99 above with the same force and effect as if herein set forth.

57. At all times relevant herein, the Defendants acted with the intention of confining within fixed boundaries, the act directly or indirectly resulted in confinement, and Plaintiff was conscious of the confinement. Restatement (Second) *Torts*, sec. 35; see <u>Foley v. Polaroid Corp.</u>, 400 Mass. 82, 89-92 (1987); Nolan & Sartorio, 37 M.P.S. *Torts*, sec. 16, p. 16 (2d ed. 1989 and 1993) Supp.

58. Defendant Officers imposed by force or threats an unlawful restraint upon his freedom of movement, to wit by arresting and handcuffing his hands behind his back, transporting him to the Area X police station where he was detained in a cell. Simpson and Alperin, *Summary of Basic Law*, secs. 1841.

59. Then, under the color of state law, all Officers Bill and City of Dayton and Montgomery County, indirectly caused the unlawful imprisonment and consequential strip-search of Smith in the County jail.

60. As a direct and proximate result of the conduct of the Defendants, Plaintiff suffered harm and damages including but not limited to the aforesaid damages.

61. Defendants City of Dayton and Montgomery County are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment against all Defendants for injunctive relief and actual, special, compensatory damages, attorneys' fees and costs of the litigation in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT 10: <u>ASSAULT</u>

62. Smith repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 62 above with the same force and effect as if herein set forth.

63. Smith is a reasonable person.

108. Defendant Officers intentionally created an apprehension of immediate physical harm by means of an overt gesture, to wit, kicking Plaintiff in cell Area at X police station to for no known purpose other than to create in plaintiff an apprehension of immediate physical harm.

Nolan & Sartorio, 37 M.P.S., *Torts*, sec. 12, p. 6 (2d ed. 1989 and 1993) Supp.); Restatement (Second) *Torts*, sec. 21.

64. Any reasonable person would also become apprehensive in the face of defendants' threatening conduct.

65. Defendants City of Dayton and Montgomery County of are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment against Defendants Officer City of Dayton and Montgomery County for injunctive relief and actual, special, and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT 11: BATTERY

66. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 66 above with the same force and effect as if herein set forth.

67. Without the consent of the Plaintiff the, Defendants Officer intentionally, harmfully, and offensively touched him by handcuffing him. Waters v. Blackshear, 412 Mass. 589, 590-591 (1992).

68. Without the consent of Plaintiff, Defendants Officer indirectly caused intentionally, harmfully, and offensively touches him when chaining and shackling him in the Court building Hospital and police station.

69. Without the consent of Plaintiff, Defendant Officer's indirectly caused an unknown corrections officer at the Court County jail to intentionally, harmfully, and offensively touch Plaintiff when he regained consciousness including a search of his body.

70. Defendants City of Dayton and Montgomery County are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment against Defendant Officers for injunctive relief and actual, special, and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT 12: CONSPIRACY

71. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 71 above with the same force and effect as if herein set forth.

72. All the Defendants (a) had an object to be accomplished; (b) had an agreement on the object or course of action; (c) performed one or more unlawful overt acts; and (d) caused Plaintiffs damages that were a direct result of those acts.

73. In furtherance of their object, defendants did two or more overt acts against the plaintiffs.

Those unlawful overt acts include, but are not limited to, the following:

**(a)** Walter Rice Neal Freund and Ronald P. Keller advised and strategized with Anthony Willoughby about how to keep the Plaintiff out of the Court proceedings after the original case had been settled by Plaintiff trial counsel.

**(b)** Willoughby intentionally misrepresented that he had exclusive use and occupancy of the Court to execute all claims sought in 90cv159.

**(c)** A later fabrication by Willoughby was that he was not compensated because he feared he had committed malpractice of law. If that were the case, to wit, and if he was afraid, why would he have went along with it claiming he took money out of his own pocket but could not have included the bills on the 1983 as shown in the transcripts March 10, 1994.

**(d)** Neal Freund and Ronald P. Keller Officer of the Court knew or should have known that Rice and Willoughby had intentionally misrepresented facts about the use of force and assault.

74. The defendants agreed that the object or course of action was to arrest, detain, and confine Smith without probable cause, and maliciously charge and prosecute him with crimes.

75. Defendants City of Dayton and Montgomery County are liable under the doctrine of respondeat superior.

76. Plaintiff suffered harm and damages that are a direct result of those acts.

WHEREFORE, Plaintiff demands judgment against all Defendants for injunctive relief and actual, special, compensatory and punitive damages, attorney's fees, costs, expenses, and interest in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT 13: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

77. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1-77 through above with the same force and effect as if herein set forth.

78. Defendants intentionally and deliberately inflicted emotional distress on plaintiffs by maliciously prosecuting him, or by abusing the lawful process by unlawful purpose, or by violating Elbey's constitutional rights, or by falsely arresting and imprisoning the plaintiff, by conspiring against him, or by interfering with his state civil rights by threats, coercion, or intimidation, or knew or should have known that emotional distress was the likely result of their conduct.

79. Defendants conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

80. The actions of the Defendants were the cause of Plaintiffs distress.

81. Elbey is a reasonable man.

82. The emotional distress sustained by Smith was severe and of a nature that no reasonable man could be expected to endure. Agis v. Howard Johnson Co., 371 Mass. 140, 145 (1976).

83. As a result of the Defendants' extreme and outrageous conduct, Plaintiff was, is, and, with a high degree of likelihood, will continue to be emotionally distressed due to the intentional exclusion.

"Extreme and outrages conduct is not required if the emotional distress resulted from the commission of another tort. American Velodur Metal, Inc. v. Schinabek. 20 Mass.App.Ct. 460, 470-471 (1985).

84. Defendants City of City of Dayton and Montgomery County and are liable under the doctrine of respondeat superior.

85. As a result of the Defendants' extreme and outrageous conduct, Smith has suffered and will continue to suffer mental pain and anguish, severe emotional trauma, embarrassment, and humiliation.

WHEREFORE, Plaintiff demands judgment, including interest, jointly and severally against Defendants Davis Siekierkia Booher Abney Phillips Delrio Bonner and Campbell City of in an amount deemed by this Court to be just and fair and in any other way in which the Court deems appropriate.

## COUNT 14: RESERVED FOR NEGLIGENCE
(until 6 months after presentment)

86. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 86 above with the same force and effect as if herein set forth.

87. Defendants City of Dayton Police and Police Commissioner owed a duty to supervise or train the officers and to take steps to prevent events such as occurred here, to wit, the false arrest and imprisonment and the swearing to charges without probable cause.

88. The Dayton Police Academy, or Citizens Police Academy, is housed at the Deputy Superintendent Law Enforcement Training Center.

89. Defendants Officer supervisors owed a duty to act according to the standard of ordinary care of a police officer, to wit, to conduct a proper investigation, the failure of which was the proximate cause of Smith's injury.

90. Defendants City of Dayton and Montgomery County and Police Commissioner breached that duty by failing to act as an ordinary police commissioner would act, to wit, by failing to perform his duties and by failing adequately to control and to supervise his officers.

91. As a result of those breaches, which were the proximate causes of Plaintiff's injury, he suffered harm and damages. Defendants City of City of Dayton and Montgomery County are also liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment against Defendants City of, City of Dayton and Montgomery Count and all Officers for injunctive relief and actual, special, compensatory and punitive damages, attorney's fees, costs, expenses, and interest in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT 15: **RESERVED FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**(until 6 months after presentment)**

92. Plaintiffs repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 136 above with the same force and effect as if herein set forth.

93. Defendants continually negligently inflicted emotional distress on the Plaintiffs.

94. Defendants had a continuing affirmative duty to perform their professional services in such a manner as not to inflict emotional distress on the Plaintiffs.

95. Defendants breached their duties to the plaintiffs.

96. The plaintiff never interfered with the defendants' obligations under the above-described duties.

97. Plaintiff suffered not only physical symptomatologies but also, as a consequence of the physical injury, mentally by Defendants' breach of duty.

98. Plaintiff was, is, and, with a high degree of likelihood, will continue to be inflicted with emotional distress due to the negligence of Defendants.

99. Defendants City of Dayton and Montgomery County are also liable under the doctrine of respondeat superior.

100. As a result of the Defendants' negligent conduct, the Plaintiff has suffered and will continue to suffer physical symptomatolo-gies, pain, anguish, severe emotional trauma, embarrassment, and humiliation.

WHEREFORE, Plaintiff demands judgment, including interest, jointly and severally against Defendants and all Officers and City of Dayton in an amount previously granted with interest and any other relief deemed by this Court to be just and fair and in any other way in which the Court deems appropriate.

Respectfully submitted,

Olakwesu Y. Elbey

**PLAINTIFF'S VERIFICATION**

The undersigned, being duly sworn, deposes and says that I am the Plaintiff herein, and have read the foregoing pleading filed on my behalf, and the facts stated therein are true.

_____

Subscribed and sworn to before me, on this ___th day of April, 2011

_____
Notary Public

(PETITIONER HERBY FURTHER SAYETH NAUGHT)

Respectfully Submitted

*Olakwesu Y. Elbey*
OLAKWESU Y. ELBEY

OLAKWESU Y. ELBEY/ MOORISH REPUBLIC OF NEW KEMIT PETITIONER HERBY IDENTIFIED BEFORE A NOTARY PUBLIC IN MONTGOMERY COUNTY LOCATED IN THE STATE OF OHIO.

NOTARY *Michele E. Spear*

MICHELE E. SPEAR, Notary Public
In and for the State of Ohio
My Commission Expires Jun. 27, 2012      SEAL

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent to the Judges Office in Court room 4-c at the Dayton Municipal Court 305 West Third Street Dayton, Ohio 45402 July____ 2010.

*Olakwesu Y. Elbey*
OLAKWESU Y. ELBEY